IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, : | |
| : | Case No. _____ |
| Plaintiff, : | |
| : | JURY TRIAL DEMANDED |
| v. : | |
| : | **COMPLAINT FOR VIOLATION OF THE** |
| SLR SENIOR INVESTMENT CORP., : | **SECURITIES EXCHANGE ACT OF 1934** |
| MICHAEL GROSS, BRUCE SPOHLER, : | |
| STEVEN HOCHBERG, DAVID : | |
| WACHTER, and LEONARD POTTER, : | |
| : | |
| Defendants. : | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On December 1, 2021, SLR Senior Investment Corp. ("SLR" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by SLR Investment Corp. ("SLRI"), Solstice Merger Sub, Inc. ("Merger Sub"), and SLR Capital Partners, LLC ("SCP") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, SLR's stockholders will receive a certain number of shares of SLRI common stock per share.

3. On February 3, 2022, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of SLR common stock. Plaintiff is a resident of this District.

9. Defendant SLR is a Maryland corporation. SLR's common stock is traded on the NASDAQ under the ticker symbol "SUNS."

10. Defendant Michael Gross is Chairman of the Board of Directors of SLR (the "Board").

11. Defendant Bruce Spohler is Chief Executive Officer, Chief Operating Officer, and a member of the Board.

12. Defendant Steven Hochberg is a member of the Board.

13. Defendant David Wachter is a member of the Board.

14. Defendant Leonard Potter is a member of the Board.

2

15. Defendants identified in ¶¶ 10-14 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

16. SLR is a closed-end investment company that has elected to be regulated as a business development company under the Investment Company Act of 1940.

17. On December 1, 2021, SLR's Board caused the Company to enter into the Merger Agreement with SLRI.

18. The press release announcing the Proposed Merger provides as follows:

SLR Investment Corp. (NASDAQ: SLRC) ("SLRC") and SLR Senior Investment Corp. (NASDAQ: SUNS) ("SUNS") today announced that they have entered into an agreement to merge together, with SLRC as the surviving company, subject to stockholder approval and customary closing conditions. The Boards of Directors of both SLRC and SUNS, on the recommendation of their special committees consisting only of the independent directors, have unanimously approved the transaction.

Under the terms of the proposed merger, SUNS shareholders will receive an amount of SLRC shares with a net asset value ("NAV") equal to the NAV of SUNS shares that they hold at the time of closing. The exchange ratio will be determined within forty-eight hours prior to the closing such that shares issued by SLRC to SUNS shareholders will result in an ownership split of the combined company based on the respective NAVs of each of SLRC and SUNS. For illustrative purposes, based on NAVs as of September 30, 2021 and including expected transaction costs and distributions, SLRC would issue approximately 0.7763 shares for each SUNS share outstanding, resulting in approximate pro forma ownership of 77.2% for current SLRC stockholders and 22.8% for current SUNS stockholders.

SLR Capital Partners, LLC ("SLR Capital Partners" or "we," "us," or "our") will continue to serve as the investment adviser of the combined company and all current SLRC officers and directors will remain in their current positions. Effective upon closing of the merger, SLR Capital Partners has voluntarily agreed to a 25 basis points reduction of the base management fee, resulting in a base management fee of 1.50% on gross assets up to 200% of SLRC's total net assets as of the immediately preceding quarter end. SLRC will retain the contractual annual base management fee payable by SLRC of 1.00% on gross assets that exceed 200% of SLRC's total net assets as of the immediately preceding quarter end.

The combined company will trade under the ticker symbol "SLRC" on the Nasdaq Global Select Market and currently expects to continue to pay a quarterly

distribution of $0.41 per share to the combined company's shareholders. However, there can be no assurance that the combined company will pay quarterly distributions at this amount or in any amount, and all future distributions will be subject to the approval of the combined company's board of directors.

"Our announcement represents an important step to further drive value for the shareholders of SLRC and SUNS," said Michael Gross, Co-Chief Executive Officer of SLRC and SUNS. "We look forward to leveraging the benefits provided by the larger combined company which will operate with greater scale, portfolio diversity and financial flexibility."

Bruce Spohler, Co-Chief Executive Officer of SLRC and SUNS, said, "We believe the proposed merger of SUNS into SLRC will provide several immediate and long-term benefits to shareholders of both companies and will position us to continue to deliver strong risk-adjusted returns and investment performance for both groups of shareholders."

**Key Transaction Highlights**

- The merger is expected to be accretive to the net investment income of the combined company, reflecting anticipated operational synergies through the elimination of duplicative expenses, the 25 basis points voluntary reduction of SLRC's base management fee described above, and interest expense savings resulting from more efficient debt financing.

- The larger market capitalization following completion of the merger may result in greater secondary market trading liquidity and broader equity research coverage.

- The merger brings SLRC's and SUNS's niche commercial finance investment strategies into one entity, promoting further cross-collaboration and additional synergies, while providing both investor bases access to a broader and more diversified set of investment verticals with the potential to invest in larger portfolio companies.

- The combination of two known portfolios, with approximately 29% of the combined portfolio consisting of previously overlapping SLRC and SUNS investments, based on the portfolio fair values as of September 30, 2021, will help to facilitate a seamless portfolio integration.

- The combined portfolio will result in greater diversification through a larger portfolio and more individual borrowers.

- The combined company would have had over $2 billion of assets invested in more than 125 portfolio companies as of September 30, 2021. The combined investment portfolio would have been composed of approximately 65% senior secured loans and approximately 35% equity of which over 98% is invested in commercial finance companies which lend and/or lease on a senior secured first

lien basis. Investments on non-accrual would have been low at 1.5% of the combined portfolio at fair value.

• Prior to the anticipated closing in the first half of 2022, the SLRC Board of Directors intends to declare its ordinary course $0.41 quarterly distribution for the first fiscal quarter of 2022. Also prior to the closing, the SUNS Board of Directors intends to declare and pay its ordinary course monthly distributions of $0.10 per month for the first fiscal quarter of 2022, including the March 2022 distribution, which will be declared and paid just prior to the anticipated closing of the transaction.

• We currently anticipate that SLRC's quarterly distribution will remain at $0.41 per share post-closing, which translates to a distribution increase for SUNS shareholders of approximately 6%, based on the illustrative conversion rate at 9/30. However, there can be no assurance that the combined company will pay quarterly distributions at this amount or in any amount, and all future distributions will be subject to the approval of the combined company's board of directors.

The transaction, which is intended to be treated as a tax-free reorganization, is subject to various approvals by SLRC and SUNS stockholders and other customary closing conditions. Assuming these conditions are satisfied, the transaction is expected to close in the first half of 2022.

Keefe, Bruyette & Woods, *A Stifel Company*, serves as financial advisor and Blank Rome LLP serves as the legal counsel to the special committee of SLRC. Houlihan Lokey Capital, Inc. serves as financial advisor and Dechert LLP serves as the legal counsel to the special committee of SUNS. Katten Muchin Rosenman LLP serves as the legal counsel to SLRC, SUNS and SLR Capital Partners.

19.     On February 3, 2022, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

20.     The 424B3 fails to disclose: (i) the "street estimates" for SLR and SLRI; and (ii) projected dividends and net asset values.

<u>Financial Analyses</u>

21.     The 424B3 fails to disclose material information regarding the financial analyses conducted by Houlihan Lokey and KBW.

22. Regarding Houlihan Lokey's Selected Companies Analyses, the 424B3 fails to disclose the individual multiples for the companies utilized by Houlihan Lokey.

23. Regarding Houlihan Lokey's Selected Transactions Analysis, the 424B3 fails to disclose the individual multiples for the transactions utilized by Houlihan Lokey.

24. Regarding Houlihan Lokey's Discounted Dividend Analyses, the 424B3 fails to disclose: (i) the net asset values and terminal values utilized by Houlihan Lokey; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Houlihan Lokey.

25. Regarding KBW's Selected Companies Analysis, the 424B3 fails to disclose the individual multiples for the companies utilized by KBW.

26. Regarding KBW's Selected Transactions Analysis, the 424B3 fails to disclose the individual multiples for the transactions utilized by KBW.

27. Regarding KBW's Dividend Discount Analyses, the 424B3 fails to disclose: (i) the terminal values, dividends, and net asset values utilized by KBW; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by KBW.

28. Regarding KBW's Potential Net Investment Income Per Share Accretion analysis, the 424B3 fails to disclose: (i) the pro forma assumptions utilized by KBW; and (ii) the extent to which the Proposed Merger could be accretive to SLRI's estimated net investment income per share.

## COUNT I

**Claim Against the Individual Defendants and SLR for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

29. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

30. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

31. SLR is liable as the issuer of these statements.

32. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

33. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

34. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

36. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

37. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

38. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of SLR within the meaning of Section 20(a) of the Exchange Act as alleged herein.

41. Due to their positions as officers and/or directors of SLR and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

44. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the 424B3.

45. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

47. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

48. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  February 22, 2022

GRABAR LAW OFFICE

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*